IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JUANITA WILLIAMS, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-14-100 |
| | § | |
| GEOVERA SPECIALTY INSURANCE | § | |
| COMPANY, GEOVERA SPECIALTY | § | |
| INSURANCE SERVICES, INC., ICA | § | |
| ADJUSTERS, INC., ALLEN BRADEN, | § | |
| and LISA JARRETT, | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM AND ORDER

Pending is Plaintiff Juanita Williams's Motion to Remand (Document No. 8). After carefully considering the motion, response, reply, and the applicable law, the Court concludes that the case should be remanded.

I. Background

Plaintiff Juanita Williams ("Plaintiff") filed a claim under her homeowner's insurance policy ("the Policy") with Defendant GeoVera Specialty Insurance Company ("GeoVera") for wind and hail damage to her home located at 3127 Knotty Oaks, Houston, Texas 77045 ("the Property"). Plaintiff alleges that GeoVera assigned Defendant GeoVera Specialty Insurance Services, Inc. ("GeoVera Services") and/or Defendant ICA Adjusters, Inc. ("ICA") to adjust the claim. GeoVera Services and/or ICA then assigned Defendants

Allen Braden ("Braden") and Lisa Jarrett ("Jarrett") as the individual claims adjusters. Braden allegedly performed a 45-minute "substandard" inspection of the Property, which "resulted in Plaintiff's claim being undervalued and underpaid."

Plaintiff brought suit in state court, alleging unfair settlement practices in violation of the Texas Insurance Code, fraud, and conspiracy to commit fraud against all Defendants, and breach of contract, breach of the duty of good faith and fair dealing, and violations of the Prompt Payment of Claims provisions of the Texas Insurance Code against GeoVera.

GeoVera and GeoVera Services are citizens of California, ICA is a citizen of North Carolina, and Jarrett is a citizen of Florida. Braden and Plaintiff are citizens of Texas. Defendants GeoVera, GeoVera Services, ICA, and Jarrett removed this case to federal court, contending that this Court has jurisdiction based on complete diversity of citizenship because Braden was improperly joined as a defendant. Plaintiff moves to remand, arguing that Braden is a proper defendant in this suit.[1]

## II. Analysis

To establish that a non-diverse defendant has been improperly joined, the removing party must prove either (1) actual fraud in

---

[1] The parties do not dispute that the amount in controversy exceeds $75,000.

2

the pleading of jurisdictional facts, or (2) the plaintiff's inability to establish a cause of action against the non-diverse defendant. Ross v. Citifinancial, Inc., 344 F.3d 458, 461 (5th Cir. 2003). Here, Defendants allege the latter and hence, "[t]he court must determine whether there is arguably a reasonable basis for predicting that state law might impose liability" on the non-diverse defendant. Id. at 462. A reasonable basis for state liability requires that there be a *reasonable* possibility of recovery, not merely a *theoretical* one. Id. In making this determination, "[t]he court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." Smallwood v. Ill. Cent. R.R. Co., 385 F.3d 568, 573 (5th Cir. 2004).

The party claiming improper joinder bears a "heavy" burden of persuasion. Smallwood, 385 F.3d at 574. All factual allegations in the state court petition are considered in the light most favorable to the plaintiff, Guillory v. PPG Indus., Inc., 434 F.3d 303, 308 (5th Cir. 2005), and contested issues of fact and any ambiguities in state law must be resolved in favor of remand. Gasch v. Hartford Accident & Indem. Co., 491 F.3d 278, 281 (5th Cir. 2007).

The parties do not dispute that an insurance adjuster such as Braden can be liable under the Texas Insurance Code. *See* Blanchard

3

v. State Farm Lloyds, 206 F. Supp. 2d 840, 846-47 (S.D. Tex. 2001) (Rosenthal, J.) (holding that insurance adjuster who handled claim may be personally liable for his deceptive acts or practices under the Texas Insurance Code). *See also* TEX. INS. CODE §§ 541.002-003. Therefore, the issue presented is whether Plaintiff has alleged sufficient facts to support a reasonable basis to predict recovery against Braden.

Plaintiff's Original Petition alleges that Braden was the individual adjuster assigned to her claim, that he conducted a "substandard" inspection of the Property lasting forty-five minutes, that he delayed completing his report for nearly three months after his initial inspection, and that in his report he "omitted some of the damages to the garage . . . [and] both underestimated and undervalued the cost of repairs to the damaged items that he did include." Plaintiff further alleges that "Braden's inadequate investigation," which other Defendants relied on, "resulted in Plaintiff's claim being undervalued and underpaid." Tracking the language in Section 541.060 of the Texas Insurance Code, Plaintiff alleges that Braden and Jarrett "misrepresent[ed] to Plaintiff material facts relating to the coverage at issue," "fail[ed] to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though liability under the Policy is reasonably clear," "failed to explain to Plaintiff the reasons for their offer of

4

an inadequate settlement," "fail[ed] within a reasonable time to affirm or deny coverage of the claim to Plaintiff," and "refus[ed] to pay Plaintiff's claim without conducting a reasonable investigation."

Plaintiff's specific factual allegations against Braden are minimally sufficient to demonstrate a reasonable basis that Texas law might impose liability on him. *See, e.g.*, D'Souza v. Peerless Indem. Ins. Co., Civ. A. No. H-10-4431, 2011 WL 285154, at *2-3 (S.D. Tex. Jan. 25, 2011) (Rosenthal, J.) (insurance adjuster not improperly joined where petition alleged that adjuster spent less than an hour inspecting the property, forced plaintiffs to wait approximately one month to receive the results of his inspection, and made "incomplete and inaccurate assessments" of the damages, and that the adjuster and other defendants misrepresented to plaintiffs that their damage was not covered, failed to attempt to settle their claim fairly, failed to explain the reasons for the inadequate settlement offer, failed to affirm or deny coverage within a reasonable time, refused to fully compensate plaintiffs even though defendants failed to conduct a reasonable investigation, and knowingly or recklessly made false representations).

Defendants additionally argue that Plaintiff does not plead damages sufficient to sustain extra-contractual claims against the adjuster, *i.e.*, damages distinct from the policy benefits.

5

However, Plaintiff has pled extracontractual damages.[2] *See also* Palma v. Allstate Tex. Lloyd's, Civ. A. No. 7:13-CV-575, 2014 WL 66867, at *2 (S.D. Tex. Jan. 8, 2014) (Alvarez, J.) (rejecting identical argument because "Defendants conflate an evidentiary requirement with a pleading standard.").

### III. Order

Based on the foregoing, it is

ORDERED that Juanita Williams's Motion to Remand (Document No. 8) is GRANTED, and this case is REMANDED to the 151st Judicial District Court of Harris County, Texas.

The Clerk will mail a certified copy of this Order to the Clerk of the 151st Judicial District Court of Harris County, Texas, as required by 28 U.S.C. § 1447, and shall notify all parties and provide them with a true copy of this Order.

SIGNED at Houston, Texas, on this 9th day of April, 2014.

EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE

---

[2] Document No. 2, ex. C ¶ 79 (including "mental anguish" as one of the measures of damages to which Plaintiff is entitled under the Texas Insurance Code).